UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE DOYLE,

    Plaintiff,                                        Case No. _____

v.

BELFOR USA GROUP, INC. d/b/a,
BELFOR PROPERTY RESTORATION,

    Defendant.
_____/

## NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant BELFOR USA GROUP, INC. d/b/a BELFOR PROPERTY RESTORATION ("Defendant Belfor") and, pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this civil action from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court of the Middle District of Florida, and states the following:

    1.    On or about May 10, 2014, Plaintiff Maurice Doyle ("Plaintiff Doyle") filed the Complaint and Jury Demand ("Complaint") in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 2014-CA-004828, against Defendant Belfor. As of the date this Notice of Removal was filed, the action remained pending in state court.

    2.    Plaintiff Doyle is a resident of Hillsborough County, Florida, and a citizen of Florida.

3. Defendant Belfor is a foreign corporation incorporated in Colorado, and its principal place of business is located at 185 Oakland Avenue, Suite 150, Birmingham, Michigan, 48009.

4. Defendant Belfor was served with the Complaint on May 13, 2014, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). Defendant Belfor has not made an appearance in the state court action as of this date.

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of the Summons and Complaint served on Defendant Belfor are included in **Composite Exhibit A**. The documents which comprise Composite Exhibit A constitute all process, pleadings and orders served on or by Defendant Belfor to date in this action in state court.

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. As provided under 28 U.S.C. § 1441(b), the district courts have removal jurisdiction over "[a]ny civil action of which the district courts have original jurisdiction under the Constitution, treaties or laws of the United States." Here, Plaintiff Doyle's Complaint states causes of action for alleged disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.* As these claims arise under the ADA, a "law[] of the United States," this Court has jurisdiction over the claims asserted in the Complaint. *See, e.g., Quitto v. Bay Colony Golf Club, Inc.*, 2:06CV286FTM29DNF, 2006 WL 2598705, * 1 (M.D. Fla. Sept. 11, 2006).

7. In addition to claims under the ADA, Plaintiff Doyle's Complaint alleges claims under the Florida Civil Rights Act, Fla. Stat. § 760.10, for alleged disability

discrimination. This Court has supplemental jurisdiction over Plaintiff Doyle's remaining state law claims under 28 U.S.C. § 1441(c), because they form part of the same "case or controversy" as required by 28 U.S.C. § 1367(a). *See Quitto*, 2006 WL 2598705, at * 1. Therefore, removal of the entire action to federal court is proper.

8. Contemporaneous to this filing, Defendant Belfor is providing written notice of the removal to Plaintiff Doyle and the state court in accordance with 28 U.S.C. § 1446(d).

9. Defendant Belfor will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Defendant Belfor attaches a copy of the Notice of Filing of Notice of Removal (excluding its attachments) as **Exhibit B**.

10. Hillsborough County, Florida is one of the counties comprising the Tampa Division of the Middle District of Florida. Local Rule 1.02(b)(4). Since this action was originally filed in the Circuit Court of Hillsborough County, Florida, venue is proper in the Tampa Division of the Middle District of Florida, in accordance with 28 U.S.C. § 1441(a) and Local Rule 4.02(a).

11. Defendant Belfor will also provide written notice to Plaintiff Doyle of its Notice of Removal pursuant to 28 U.S.C. § 1446(d) once this matter is docketed by the Clerk of the Court for the Middle District of Florida.

Dated: June 11, 2014.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By: /s/   Marisa E. Rosen
Dena H. Sokolow
Florida Bar No. 0030856
*dsokolow@bakerdonelson.com*
101 N. Monroe Street, Suite 925
Tallahassee, Florida 32301
Telephone:  (850) 425-7500
Facsimile:  (850) 270-6723
Marisa E. Rosen
Florida Bar No. 0073152
*mrosen@bakerdonelson.com*
200 South Orange Avenue, Suite 2900
Post Office Box 1549
Orlando, Florida 32802
Telephone:  (407) 422-6600
Facsimile:  (407) 841-0325

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2014, I electronically filed the foregoing with the Clerk of the Court by mail (Federal Express) and will serve a copy by first class U.S. mail and electronic mail on the following:

Craig J. Olsen, Esq.
8875 Hidden River Pkwy., Ste. 300
Tampa, FL 33637
*craigjolsen@cjolaw.com*

Marisa E. Rosen
Marisa E. Rosen