IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MAURICE DOYLE,
    Plaintiff,

Vs.
                                                    CASE NO:

BELFOR USA GROUP, INC. d/b/a
BELFOR PROPERTY RESTORATION

    Defendant,
_____/

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, MAURICE DOYLE, by and through his undersigned counsel and sues the Defendant BELFOR USA GROUP, INC. d/b/a/ BELFOR PROPERTY RESTORATION ("BELFOR") and alleges:

1. This is an action brought for damages which are in excess of the sum of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and attorney's fees.

2. At all times pertinent to this action the Plaintiff, MAURICE DOYLE, was a resident of Hillsborough County, Florida.

3. Defendant, BELFOR is a foreign corporation with a principal place of business located at 185 Oakland Ave, Ste. 150 Birmingham, MI 48009. BELFOR at all times material to this matter conducted business in Hillsborough County, Florida from its business address of 5433 W Crenshaw St, Tampa, FL 33634. BELFOR is subject to jurisdiction in Florida as it transacts business in Florida and has committed a tort in Florida.

1

4. Defendant, BELFOR advertises itself as the "worldwide leader in disaster recovery and property restoration." As such it is engaged in the activity of repair and restoration of damaged properties. BELFOR has offices and employees throughout the world. BELFOR has hundreds of employees and at all times material to this case had in excess of 15 employees.

5. Plaintiff, MAURICE DOYLE was an employee of BELFOR. MAURICE DOYLE began working for BELFOR in 2002 when it purchased the company MAURICE DOYLE had previously worked for. At the time relevant to this matter MAURICE DOYLE was employed as a supervisor.

6. On or about May 10, 2010, while working for BELFOR, MAURICE DOYLE sustained an industrial accident to his left knee. At the time of the injury MAURICE DOYLE was carrying a heavy object with several co-workers when one co-worker lost his grip putting extra weight on MAURICE DOYLE'S left knee. The injury was reported immediately to his supervisor and a workers' compensation claim was reported to the State of Florida by BELFOR.

7. MAURICE DOYLE received extensive medical treatment for his injury. He was diagnosed with a left knee anterior cruciate ligament tear and a medial meniscus tear, left knee. On June 29, 2012 he underwent a left lateral unicompartmental knee replacement. He engaged in rehabilitation as directed by his doctors following the operation.

8. On October 1, 2012 MAURICE DOYLE was hand delivered a letter by his supervisor in which he was informed he was directed to return to work and he would be required to perform the following duties: Tacking equipment using the JPP system, pulling permits, ordering job materials, inspecting construction job sites. It was also noted that he was not limited to the above duties and he would have additional undisclosed duties to perform. The letter further stated that his supervisor would provide more specific job duties. This was to be a full time

2

position and was scheduled to occur Monday through Friday 7:30 am to 4:00 pm at the Tampa office. A copy of the letter is attached hereto as Exhibit "A".

9. MAURICE DOYLE returned to work on October 2, 2012 and performed the duties of his position as directed by his supervisor. MAURICE DOYLE continued to have a noticeable limp and wore a knee brace and at times used a cane. The injury to his knee was visible to his supervisor and well known and obvious to the management of BELFOR. MAURICE DOYLE was able to perform the essential functions of his position.

10. Shortly after MAURICE DOYLE returned to work his supervisor and other superiors began a pattern of harassment against MAURICE DOYLE. He was told he was lazy and incompetent. This harassment was done in a thinly veiled attempt to terminate MAURICE DOYLE for cause or to force him to quit his position.

11. On or about March 7, 2013 MAURICE DOYLE was called into a meeting with his supervisor. He was told he was being terminated from his job because there was no position available for him within BELFOR. MAURICE DOYLE had no prior warning that his position was in jeopardy. There was no discussion at the meeting as to which duties he could or could not perform, reasonable accommodations available, or other positions available within the company. There was no one present from the HR department. The basis for the termination was not reduced to a writing by BELFOR.

12. At the March 7, 2013 meeting MAURICE DOYLE was never told which duties he could suddenly no longer perform. MAURICE DOYLE was never given the opportunity to suggest a reasonable accommodation. Further BELFOR never initiated an informal, interactive process with MAURICE DOYLE to identify his limitations and possible accommodations even though MAURICE DOYLE had requested such a meeting. MAURICE DOYLE was able to perform the

3

essential functions of his position with a reasonable accommodation. There was no communication with MAURICE DOYLE beyond the fact he was terminated.

13. As a result of BELFOR'S actions, Plaintiff MAURICE DOYLE suffered damages, including loss of wages, loss of earning capacity, loss of the ability to earn money, mental anguish, permanent bodily injury, and resulting pain and suffering, disability, humiliation, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care, treatment, and loss of earnings or loss of ability to earn money as the injuries are permanent, Plaintiff will continue to suffer losses in the future.

14. Plaintiff, MAURICE DOYLE, filed a complaint with the U.S. Equal Employment Opportunity Commission alleging discrimination due to his disability. By letter dated March 19, 2014, MAURICE DOYLE was provided with notice of his right to sue.

15. All conditions precedent to filing suit have been performed or have occurred.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §§ 12111–12117

16. Plaintiff incorporates herein the allegations contained in paragraphs 1-15.

17. To effectuate its sweeping purpose, the AMERICANS WITH DISABILITIES ACT "ADA" forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act) [42 U.S.C. §§ 12111–12117].

18. Plaintiff MAURICE DOYLE was an individual with a disability (as defined in 42 U.S.C. § 12102(2)). Specifically the injury to his knee was a physical impairment that substantially limits one or more of the major life activities of the plaintiff. In addition this limitation was visible and known to MAURICE DOYLE'S employers. The limitations are permanent.

4

19. Plaintiff MAURICE DOYLE is qualified to perform the essential functions of his job with BELFOR.

20. Plaintiff MAURICE DOYLE has suffered adverse employment action because of his disability including harassment, retaliation and termination from his position.

21. Plaintiff MAURICE Doyle was discriminated against by BELFOR due to his disability in violation of the AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12111–12117.

WHEREFORE Plaintiff demands judgment against Defendant for all the damages and allowed by statute including reinstatement, back pay, front pay, compensatory and punitive damages and attorneys' fees and costs, damages for mental anguish, loss of dignity, and any other intangible injuries together with any other equitable relief as the court deems appropriate. Plaintiff hereby demands trial by jury on all issues so triable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT
## FL. STAT. 760.10

22. Plaintiff incorporates herein the allegations contained in paragraphs 1-15.

23. The FLORIDA CIVIL RIGHTS ACT forbids discrimination against disabled individuals in major areas of public life, among them employment.

24. Plaintiff MAURICE DOYLE is an individual with a disability. Specifically the injury to his knee was a physical impairment that substantially limits one or more of the major life activities of the plaintiff. In addition this limitation was visible and known to MAURICE DOYLE'S employers. Further the limitations are permanent.

25. Plaintiff MAURICE DOYLE is qualified to perform the essential functions of his job with BELFOR.

5

26. Plaintiff MAURICE DOYLE has suffered adverse employment action because of his disability including harassment, retaliation and termination from his position.

27. Plaintiff MAURICE DOYLE was discriminated against by BELFOR due to his disability in violation of the FLORIDA CIVIL RIGHTS ACT FL. STAT. 760.10.

WHEREFORE Plaintiff demands judgment against Defendant for all the damages and allowed by statute including reinstatement, back pay, front pay, compensatory and punitive damages and attorneys' fees and costs damages for mental anguish, loss of dignity, and any other intangible injuries, together with any other equitable relief as the court deems appropriate. Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: April 30, 2014

Craig J. Olsen, Esquire
8875 Hidden River Parkway
Suite 300
Tampa, FL  33637
(813)-991-7775
(FBN): 622450
craigjolsen@cjolaw.com